IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EDNA JAMES                                                                                    PLAINTIFF

V.                                                                        CASE NO. 3:25-CV-247-SA-RP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                   DEFENDANT

ORDER AND MEMORANDUM OPINION

On August 21, 2025, the Defendant, State Farm Mutual Automobile Insurance Company, filed a Notice of Removal [1], removing this cause from the Circuit Court of Yalobusha County, Mississippi, to this Court, premising federal jurisdiction on the basis of diversity. The Plaintiff, Edna James, filed a Motion to Remand [5], arguing that this Court lacks jurisdiction because removal was untimely and the amount-in-controversy requirement set forth in 28 U.S.C. § 1332 is not satisfied. The Motion [5] has been fully briefed and is now ripe for review.

*Relevant Factual and Procedural Background*

This litigation stems from a motor vehicle accident in Quitman County, Mississippi involving James and another driver named Kalyan Chand Vemulapalli. On November 8, 2023, the date of the accident, James' vehicle was insured by State Farm. Vemulapalli was driving a rental vehicle owned by EAN Holdings, LLC d/b/a Enterprise Rent-a-Car Company ("EAN").

The Complaint [2] alleges that Vemulapalli was solely at fault for the collision and that, according to the crash report, it was unknown whether Vemulapalli had auto insurance on the date of the accident. Nonetheless, ELCO Administrative Services Company d/b/a Rental Claims Services ("RCS") accepted liability for Vemulapalli.[1]

---

[1] The Court notes that the Complaint [2] does not expressly allege that RCS is EAN's insurer. However,

James' insurance policy with State Farm provided coverage for bodily injury, property damage, personal injury protection ("PIP"), and emergency road service, as well as uninsured motorist coverage. As a result of the accident, James sustained bodily injuries and the total loss of her vehicle. She filed an uninsured motorist claim with State Farm, which she alleges State Farm has "not adjusted." [2] at p. 3. James also submitted roadside service and PIP claims to State Farm that State Farm has allegedly refused to pay "without an arguable reason." *Id.* at p. 4. Additionally, James and RCS negotiated a settlement of James' claims but the settlement was not finalized because of State Farm's refusal to waive its subrogation rights.[2]

Aggrieved by the lack of resolution of her claims, James filed the instant suit against State Farm.[3] On August 21, 2025, State Farm removed the action to this Court, premising federal jurisdiction on the basis of diversity. James then filed a Motion to Remand [5] contending that removal was not timely and that the Complaint [2] does not seek damages in an amount exceeding $75,000 as required to confer jurisdiction on this Court. State Farm opposes the Motion [5].

*Applicable Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such

---

for context and based on extrinsic material attached to the Complaint [2], it appears that RCS is EAN's insurer. *See* [2], Ex. 3 at p. 1.

[2] The Complaint [2] also alleges that State Farm "represented that it had paid James the PIP policy limits with payments made in December 2023 and April 2024." *Id.* In a different section of the Complaint [2], James alleges that State Farm had no right of subrogation because it "had only tendered checks to James for PIP benefits[.]" *Id.* Though the facts are unclear, the crux of James Complaint [2] appears to be that State Farm refused to pay her claims in full and interfered in her settlement with RCS.

[3] According to the Complaint [2], Texas law applies to the parties' dispute involving James' insurance policy with State Farm. *See* [2] at p. 1. State Farm does not dispute that contention.

2

action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). After removal of a case, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

### Analysis and Discussion

James argues that this case should be remanded for two reasons. First, she contends that removal was untimely because she provided State Farm's former attorney with a copy of the filed complaint via email on June 27, 2025—approximately two months prior to the date the Notice of Removal [1] was filed. Second, James argues that the amount in controversy alleged in the Complaint [2] does not exceed $75,000 and therefore the Court lacks jurisdiction. The Court will first address the latter argument before addressing any procedural defect in removal.

### I. Amount in Controversy

As noted above, two requirements must be satisfied for diversity jurisdiction to exist: "(1) complete diversity between the parties and (2) an amount in controversy in excess of $75,000."

*Super Truck Stop 35-55, LLC v. Nissi Ins. Solutions, LLC*, 2016 WL 5477725, at *3 (N.D. Miss. Sept. 29, 2016) (citing 28 U.S.C. § 1332) (additional citation omitted). Here, the parties do not dispute that complete diversity between them exists. Their dispute surrounds the amount-in-controversy requirement.

"The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *1 (N.D. Miss. Oct. 25, 2001) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Relevant to this analysis, the Complaint [2] alleges as follows:

> 12. James demands a money judgment be entered in her favor against State Farm, in the amount of $40,000.00 in compensatory damages, *plus* statutory penalties pursuant to the Texas Insurance Code for failure to adjust and pay the first party claims (*State Farm Mut. Auto. Ins. Co. v. Rumbaugh*, *supra*; *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 804 (Tex. 2007)("Texas statutes have long punished insurers for delays beyond 30 days.")), *plus* punitive damages in the amount of $30,000.00 to punish State Farm and to deter future tortious conduct.
>
> 13. James requests an award of attorney's fees regarding her claim against State Farm pursuant to Texas Civil Practice & Remedies Code § 37.001, *et seq.*, the Texas Civil Practice and Remedies Code § 38.001(8) (authorizing the recovery of attorney's fees in a successful breach-of-contract suit), Texas Insurance Code § 1952.157(b), and *State Farm Mut. Auto. Ins. Co. v. Rumbaugh*, *supra*. James also requests an award of costs and expenses, plus prejudgment interest calculated from and after 24 October 2024 at 8%, as well as post judgment interest at the same rate.

[2] at p. 7 (emphasis added).

4

There is no dispute that James seeks a total of $70,000 in compensatory and punitive damages. State Farm argues that it is "readily apparent" that James' request for statutory penalties and attorney's fees combined with her claimed compensatory and punitive damages exceed the jurisdictional minimum. [13] at p. 8. While the amount of attorney's fees James seeks is indeterminate, the Court first considers whether her request for statutory penalties likely takes the amount in controversy above $75,000.[4]

With respect to statutory penalties to which she is allegedly entitled, James cites *State Farm Mut. Auto. Ins. Co. v. Rumbaugh* 642 S.W.3d 901, 903 (Tex. App. 2022) and *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 804 (Tex. 2007) immediately following her demand for penalties. *See* [2] at p. 7. The parties do not dispute that *Rumbaugh* and *Martinez* are cases involving issues of the assessment of statutory penalties pursuant to Texas Insurance Code. However, the cases differ in that each concern a different statute which in turn provide varying penalty amounts.

For example, in *Rumbaugh*, the Texas Court of Appeals affirmed a trial court's judgment awarding the plaintiff statutory penalties pursuant to Section 1952.157 of the Texas Insurance Code where the defendant insurer failed to pay PIP benefits. *Rumbaugh*, 642 S.W.3d at 906-07. "Section 1952.157 provides for a penalty of 12 percent [of the PIP benefits amount], among other things, if an insurer fails to pay PIP benefits when due[.]" *Id.* at 903 (internal quotation marks and citation omitted).

---

[4] The Court notes that costs and interest are not considered in calculating the amount in controversy. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873-74 (5th Cir. 2002) ("[T]he general rule is that interest and court costs are not includable in calculating the amount in controversy[.]") (citing 28 U.S.C. § 1332(a)).

5

In contrast, *Martinez* involved an issue of whether an insurer in an interpleader action was subject to a statutory penalty under Texas' prompt payment statute. *Martinez*, 216 S.W.3d at 806. Under the relevant portion of that statute, insurers are subject to pay "interest on the amount of the claim at a rate of 18 percent a year as damages" if payment of the insurance claim is delayed for more than sixty days. TEX. INS. CODE ANN. § 542.060(a); *see also Martinez*, 216 S.W.3d at 804.

Again, James not only brings claims for damages under her policy's PIP coverage but also under the emergency road service and uninsured motorist coverages of her policy. *Id.* at p. 6. In her Reply [14], James contends that she is only seeking the PIP benefits penalty of 12 percent pursuant to Section 1952.157 of the Texas Insurance Code equaling $300 (12 percent of the $2500 PIP benefits limit). However, she wholly fails to address the citation to *Martinez* followed by the parenthetical contained in the Complaint's [2] *ad damnum* clause, which the Court referenced above. Additionally, as State Farm points out, the Complaint [2] demands payment for "statutory *penalties* pursuant to the Texas Insurance Code for failure to adjust and pay the first party *claims*." [2] at p. 7 (emphasis added). Based on these allegations, the Complaint [2] purportedly seeks the 18 percent penalty under the Texas prompt payment statute pursuant to *Martinez*.

Considering the 18 percent penalty under the Texas prompt payment statute, the amount in controversy exceeds $75,000 when the penalty is combined with the requested compensatory and punitive damages. Specifically, the Court considers the Complaint's [2] allegation that State Farm closed its claim file with respect to James' claims on October 29, 2024—approximately ten months before this case was removed to this Court. *See* [2] at p. 5. Calculating the 18 percent per annum penalty based on the amount of compensatory damages James demands yields the amount of $7,200. Additionally, the Court notes that this penalty is not an exclusive remedy pursuant to Texas

6

Insurance Code. *See* TEX. INS. CODE ANN. § 542.061 ("The remedies provided by this subchapter are in addition to any other remedy or procedure provided by law or at common law."). Thus, based on the allegations in the Complaint [2], it is facially apparent that the jurisdictional minimum is met, thereby conferring diversity jurisdiction upon this Court. Nonetheless, removal on this basis is proper "unless [James] demonstrates by a legal certainty that she cannot recover more than the jurisdictional amount." *F.M.B. v. Mega Life & Health Ins. Co.*, 2009 WL 426435, at *1 (S.D. Miss. Feb. 18, 2009) (citing *Allen*, 63 F.3d at 1335 n. 14). The Court considers James' arguments in this regard.

James submits a sworn declaration with her Motion [5] wherein she stipulates that she does not seek and will not accept recovery in excess of $75,000 for compensatory damages, punitive damages, and attorney's fees in the aggregate. [5], Ex. 2 at p. 1. This Court, in accordance with Fifth Circuit precedent, has routinely considered post-removal affidavits in determining the amount in controversy in a particular case if the amount in controversy is ambiguous at the time of removal. *See Sherrod v. Safeco Ins.*, 2021 WL 3598537, at *3 (N.D. Miss. Aug. 13, 2021); *Byrd v. Food Giant Supermarkets, Inc.*, 2015 WL 1509487, at *1 (N.D. Miss. Mar. 31, 2015); *Perritt v. Westlake Vinyles Co. L.P.*, 562 Fed. Appx. 228, 232 n. 2 (5th Cir. 2018) (noting that post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal); *see also Gebbia*, 233 F.3d at 883. However, having found that the amount in controversy is facially apparent based on the allegations contained in the Complaint [2] as explained above, no ambiguity in the amount in controversy exists here.

The outcome remains unchanged even considering James' declaration. In her declaration, James attests that she does not "seek… a recovery in excess of $75,000.00 in compensatory

damages, punitive damages, and attorney's fees in this civil action or any other civil action brought on the same claims." [5], Ex. 2 at p. 1. Notably, James' sworn declaration is silent with respect to her requests for *statutory penalties*. *Id.* Though James argues that she is only seeking the 12 percent statutory penalty based on her PIP benefits claim equaling $300, the amount in controversy still exceeds $75,000 because she does not include that penalty amount (or any penalty amount) in the aggregate total stated in her declaration. In other words, while James has stipulated that she will not accept in excess of $75,000 in compensatory damages, punitive damages, and attorney's fees, she has not bound herself to a total recovery of less than the jurisdictional minimum by virtue of her declaration because she does not account for *all* damages sought in the Complaint [2], including statutory penalties. James provides no further argument that "demonstrates by a legal certainty that she cannot recover more than the jurisdictional amount." *F.M.B.*, 2009 WL 426435 at *1.[5]

Having found that the amount in controversy in this case exceeds $75,000, the Court turns to James' argument that removal was untimely.

## II.     *Timeliness of Removal*

James argues that State Farm failed to remove this action within 30 days of the date her attorney provided State Farm's former counsel with a copy of the filed Complaint [2] and therefore removal was untimely. This argument is easily rejected.

---

[5] Additionally, the Court notes that James does not argue that the statutory penalties are included in the punitive damages amount. To the contrary, in her Memorandum [6], she sums the 12 percent penalty to the figure for punitive and compensatory damages. *See* [6] at p. 14 (alleging that "the face of the complaint shows $70,300 is the amount in controversy.").

The removal statute provides, in pertinent part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C.A. § 1446(b). James relies on the language "or otherwise" to support her position that the time for removal was triggered on June 27, 2025—the date her attorney emailed a filed copy of the Complaint [2] to State Farm's former counsel. But "[t]he Supreme Court clarified this language in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999), holding the time for removal commences on formal service of process, *not* by mere receipt of the complaint unattended by any formal service." *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (internal quotation marks and citations omitted; emphasis in original). Relying on *Murphy*, district courts within the Fifth Circuit have rejected the same argument James now makes. *See Marshall v. Duhr*, 2022 WL 3339438, at *2 (W.D. La. June 29, 2022); *Am.'s Best Value Inn & Suites v. Allied Prop. & Cas. Ins. Co.*, 2014 WL 1345494, at *2-3 (W.D. Tex. Apr. 3, 2014). As Supreme Court and Fifth Circuit precedent make clear, State Farm's former attorney's mere receipt of the Complaint [2] via email is immaterial to the issue at hand.

Further on this point, State Farm submits a copy of a Notice of Service of Process generated by State Farm's agent for service of process that states it was personally served with process (summons and Complaint [2]) on August 8, 2025. *See* [1]. Ex. 1 at p. 23. Importantly, James does not contest that personal service was perfected upon State Farm on August 8, 2025 in her Reply [14]. Instead, she argues that the Court should presume that the date she *mailed* service to State Farm should govern this inquiry. The Court rejects her arguments as she provides no rebuttal proof

9

that formal service was perfected on another date in accordance with the Mississippi Rules of Civil Procedure. *See Hall v. Equifax Info. Servs., LLC*, 2025 WL 2271846, at *3 (N.D. Miss. Aug. 7, 2025) (citing MISS. R. CIV. P. 4(c)(3)) ("[U]nder Mississippi law, attempted service by mail is not effective unless the defendant returns an acknowledgement that service has been made."). Again, the Notice of Removal [1] was filed in this case on August 21, 2025, well within the 30-day removal deadline based on the date of personal service upon State Farm. Accordingly, the Court finds that this action was timely removed.

For the reasons set forth above, the Court finds that all requirements for its exercise of diversity jurisdiction are met and that State Farm's removal of this action was timely and proper. The Court declines to remand this case.

*Conclusion*

James' Motion to Remand [5] is DENIED. The previously-imposed stay is hereby LIFTED. The Magistrate Judge will hold a conference to set the appropriate deadlines in this case in due course.

SO ORDERED, this the 20th day of October, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT COURT JUDGE

10